**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| B.B. PALLETS, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | ) | Case No. 03-2748 |

**REPLY IN SUPPORT OF PLAINTIFF'S**
**<u>REQUEST FOR ENTRY OF DEFAULT</u>**

COMES NOW Plaintiff, B.B. Pallets, Inc., by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this reply in support of its request for an entry of default, and states the following:

## I. INTRODUCTION

On March 8, 2004, the government requested and received an enlargement of time "through and including March 19, 2004, within which to file and to serve its response to the complaint." The government did not "file and [ ] serve its response to the complaint" by March 19, 2004, and the Clerk made an entry of default pursuant to RCFC Rule 55(a). Now the government says it was not required "to file and to serve its response to the

complaint" by March 19, 2004. If that is true, then the government's statements in soliciting the plaintiff's and the Court's assent to the enlargements of time were very misleading. However, it is **not** true that the government was not required "to file and to serve its response to the complaint" by March 19, 2004. The Special Procedures Order issued by the Court on December 19, 2003, required the government to file "an Answer or reply to the complaint" by March 19, 2004. When the government failed to do so, the Clerk properly entered a default pursuant to RCFC Rule 55(a).[1]

## II. FACTS

This action was commenced on November 25, 2003, with the filing of a complaint seeking a refund of certain monies paid to the United States under protest. The government's response to the complaint was due January 24, 2004.

On December 1, 2003, the case was assigned to the Honorable Lawrence M. Baskir and designated for the Court's Alternative Dispute Resolution ("ADR") Pilot Program. The Honorable Eric G. Bruggink was

---

[1] RCFC Rule 55(a) reads as follows: "When a party against whom affirmative relief has been sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

then assigned to the case as the ADR judge.

On December 19, 2003, the Court issued a Special Procedures Order to govern the proceedings. Paragraph 4 of this order states that the Joint Preliminary Status Report ("JPSR") must be filed "within 45 days following the Answer or reply to [the] complaint." Paragraph 3 of the order states that "[n]o dispositive motion may be filed before the Preliminary Status Conference is held." Paragraph 2 of the order states that "[i]f defendant intends to proceed by dispositive motion in lieu of an answer, the defendant will briefly identify the factual and legal bases for its anticipated motion as part of the JPSR."

In addition to the foregoing provisions, the Special Procedures Order severely limits the parties' ability to seek enlargements of time. Specifically, Paragraph 7 of the order states as follows:

> Counsel are expected to follow diligently the provisions of RCFC 6(b) with respect to motions for enlargement of time. Motions should be filed sufficiently in advance of the due date to permit the other party to respond, and to permit the Court to rule. **Enlargements which are unavoidably filed close to or after the due date must seek leave of Court and must state explicitly the unusual circumstances necessitating the late motion and the requested enlargement.** Courtesy copies of late motions should be sent by facsimile.

Emphasis in original.

Under Paragraph 7, a motion for an enlargement of time to respond to the plaintiff's complaint had to be filed no later than January 9, 2004, "to permit the [plaintiff] to respond and to permit the Court to rule." *See* RCFC Rule 7.2(a) (giving parties 14 days to respond to non-dispositive motions).

### A. The Government's First Request for An Enlargement of Time "to File and to Serve its Response to the Complaint."

On or about January 13, 2004, after the time for filing an enlargement of time without leave of Court had expired, the government's trial counsel, Christian Moran, Esq., telephoned the undersigned counsel and said he "need[ed] more time to prepare [the government's] **answer**." Based on that representation, the undersigned counsel consented to the proposed 45-day extension.

On January 13, 2004, Mr. Moran filed a consent motion that reads in relevant part as follows:

> Defendant, the United States, respectfully requests an enlargement of time of 45 days, **through and including March 11, 2004, within which to file and to serve its response to the complaint.** . . . Agency counsel was not previously familiar with the issues in this case and requires additional time **to investigate the factual matters** raised in the complaint and to prepare a litigation report. Agency counsel has represented that he should be able to provide the relevant information to the

> undersigned **<u>so that the United States can file its response to the complaint on or before March 11, 2004</u>**.

Emphasis added. The government's motion was granted by the Clerk the same day in a letter that reads as follows:

> Please take notice that in the above case there has been entered this day on the defendant's motion, filed January 13, 2004, for enlargement of time to respond to the complaint, the following order by the Clerk: ALLOWED.

The docket entry reflecting the order states: "Answer Due by 3/11/2004."

Under Paragraph 7 of the Special Procedure Order, a motion for an enlargement of time to respond to the plaintiff's complaint had to be filed no later than February 28, 2004, "to permit the [plaintiff] to respond and to permit the Court to rule." *See* RCFC Rule 7.2(a) (giving parties 14 days to respond to non-dispositive motions).

**B. The Government's Second Request for An Enlargement of <u>Time "to File and to Serve its Response to the Complaint."</u>**

On or about March 8, 2004, Mr. Moran telephoned the undersigned counsel to request the plaintiff's consent to an additional 8 days to prepare the government's "answer" to the complaint. Mr. Moran did not say anything about proceeding by dispositive motion in lieu of an answer, even

though that decision presumably had been made prior to March 8, 2004. Based on Mr. Moran's representation, the undersigned counsel consented to the requested extension and again enabled the government to avoid its untimeliness problem under Paragraph 7 of the Special Procedures Order.

On March 8, 2004, Mr. Moran filed a consent motion that reads in relevant part as follows:

> Defendant, the United States, respectfully requests an enlargement of time of eight days, **through and including March 19, 2004, within which to file and to serve its response to the complaint**. **Our response is currently due on March 11, 2004.** . . . Additional time is necessary because counsel for the United States received comments regarding the complaint from the United States Customs and Border Protection ("Customs") only on March 3, 2004. Counsel for the United States requires additional time to review Customs's recommendations and **to incorporate those comments into the Government's response to the complaint**. . . . we respectfully request that this motion be granted and the **time for responding to the complaint** be enlarged until March 19, 2004.

Emphasis added. The government's motion was granted by the Clerk the same day in a letter that reads as follows:

> Please take notice that in the above case there has been entered this day on the defendant's motion, filed March 8, 2004, for enlargement of time to respond to the complaint, the following order by the Clerk: ALLOWED.

The docket entry reflecting the order states: "Answer Due by 3/19/2004."

March 19, 2004, came and went without the filing and service of the government's response to the complaint. Accordingly, on March 20, 2004, the undersigned counsel filed a request for an entry of default pursuant to RCFC Rule 55(a). The Clerk granted the request on March 24, 2004.[2]

On March 25, 2004, instead of filing a motion to set aside the default as provided in RCFC Rule 55(c), the government filed a purported "Opposition to the Plaintiff's Request for Entry of Default," arguing that the March 19, 2004, deadline Mr. Moran had requested was not a deadline for filing and serving a response to the complaint after all.

This reply followed.

---

[2] Contrary to the government's suggestion, the language of RCFC Rule 55(a) makes clear that the Clerk is required to make an entry of default upon request, without awaiting a "response," if the defendant's failure "to plead or otherwise defend" within the time allowed "is made to appear by affidavit or otherwise." The fact that the Court's electronic case filing ("ECF") system characterizes a request for an entry of default as a "motion," and automatically sets a deadline for filing a "response," cannot alter the nature of a request for an entry of default under RCFC Rule 55(a). Indeed, it should be noted that the government's consent motions for an enlargement of time also were

## III. DISCUSSION

Absent the plaintiff's consent, a motion for a second enlargement of time to respond to the complaint in this action could not be filed after February 28, 2004, without leave of Court and a showing of **"unusual circumstances necessitating the late motion."** Special Procedures Order Para. 7 (emphasis in original); *see* RCFC Rule 7.2(a) (giving parties 14 days to respond to non-dispositive motions).

After this deadline passed, and just 3 days before the deadline for filing a response to the complaint, Mr. Moran telephoned the undersigned counsel to request the plaintiff's consent to an additional 8 days to prepare the government's "answer" to the complaint. Mr. Moran did not say anything about proceeding by dispositive motion in lieu of an answer, even though that decision presumably had been made prior to March 8, 2004. The undersigned counsel was under the impression that the government was, as Mr. Moran said, preparing an "answer" in which any affirmative defenses based on lack of jurisdiction, failure to state a claim, etc., would

---

given response deadlines by the ECF system, but the Clerk properly granted the motions without awaiting a response because of the nature of such motions.

be asserted.[3] Had Mr. Moran said that the government would not be filing, or even might not be filing, an answer to the complaint by the proposed new deadline, the undersigned counsel would not have waived the plaintiff's right to require the government to seek leave of Court and show **"unusual circumstances necessitating the late motion."** Special Procedures Order Para. 7 (emphasis in original).

In consenting to the government's otherwise untimely March 8, 2004, motion for an enlargement of time, the undersigned counsel reasonably and foreseeably relied on Mr. Moran's representation that the government was seeking an enlargement of time "through and including March 19, 2004, within which to file and to serve its response to the complaint." After all, one of the reasons offered to support the government's request was that it needed time "to incorporate [the agency's] comments into the Government's response to the complaint." This statement clearly implies that Mr. Moran was working on a "response" that he intended "to file and serve" by March 19, 2004 --- not some unspecified future date.

---

[3] *See* RCFC Rule 12(b) ("Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto," except that certain defenses may be made by dispositive motion where such motions are allowed); *see also* Special Procedures Order Paragraph 3 ("No dispositive motion may be filed before the Preliminary Status Conference is held.").

Moreover, Mr. Moran's representations are clearly consistent with the Special Procedures Order. Paragraph 4 of the order states that a JPSR must be filed "within 45 days following the Answer or reply to [the] complaint." However, Paragraph 3 of the order states that "[n]o dispositive motion may be filed before the Preliminary Status Conference is held." Thus, if the government intends to proceed by dispositive motion, it must file a reply asserting the affirmative defenses upon which the motion will be based. Otherwise, a plaintiff would have no way of formulating a meaningful response to the government's basic factual and legal contentions in the JPSR preparation process.

It is unfair for the government to avoid the strictures of Paragraph 7 of the Special Procedures Order based on a representation that it needed more time to prepare its "answer" when a decision already had been made not to file one. Under the circumstances, the plaintiff was justified in regarding, as a default, the government's failure to file an answer or reply to its complaint by March 19, 2004, and the Clerk properly made an entry of default pursuant to RCFC Rule 55(a) on that basis. If the government believed it did not have to file an answer or reply to the complaint on March

11, 2004, based on a decision to proceed by dispositive motion, there was no need to request a one week extension on March 8, 2004.

## IV. CONCLUSION

The government failed "to file and serve its response to the complaint" by March 19, 2004, and the Clerk properly entered a default pursuant to RCFC Rule 55(a).

Respectfully submitted,

Date: March 26, 2004

s/*A. Woodson Stuart*

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorney for Plaintiff B.B. Pallets, Inc.*