IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| B.B. PALLETS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2748C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

This joint preliminary status report is being filed electronically. The parties' signatures will be reflected on each side's submission.

Paragraph 4

a. Does the court have jurisdiction over the action?

For the Plaintiff:

Yes. Like the assessment of penalties, the assessment of liquidated damages is not a "protestable" decision and is not subsumed in the liquidation of the entries upon which the assessment is based. United States v. Ataka Am., Inc., 826 F. Supp. 495, 502 (Ct. Int'l Trade 1993)

(distinguishing between liquidated damages and duties); Pope Prods. v. United States, 15 C.I.T. 279, 283 (Ct. Int'l Trade 1991) (importers cannot bring an action in the Court of International Trade to challenge the assessment of liquidated damages by U.S. Customs directly, because the assessment of liquidated damages is not a decision that can be "protested" and reviewed by the CIT under 28 U.S.C. § 1581(a)).

While the prior liquidation of the subject entries was protestable, the Plaintiff was not required — and more importantly, not able — to bring an action in the Court of International Trade for judicial review of the liquidations here. See Ataka, 826 F. Supp. at 502; Pope Products, 15 C.I.T. at 283; Vanderhoof Specialty Wood Prods., Inc. v. United States, Slip op. No. 2004-23, 2004 Ct. Int'l Trade LEXIS 23 (Mar. 11, 2004) (Ex. A) (dismissing action to contest the denial of a protest of the classification at liquidation of entries made under the Softwood Lumber Agreement); see also New Zealand Lamb Co., Inc. v. United States, 40 F.3d 377 (Fed. Cir. 1994) ("We do not see how there can be a decision on a charge ... until the party levying the charge announces that the charge is being levied and states the amount of the charge ... ."). Thus, the Plaintiff has no direct or

indirect judicial review remedy in the Court of International Trade under 28 U.S.C. § 1581.

The only judicial review remedy that the Plaintiff had after the assessment of liquidated damages, other than waiting to be sued under 28 U.S.C. § 1582 and raising the invalidity of the assessment as an affirmative defense, was a refund action in this Court. See Trayco Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993). Once the government accepted payment of the assessment under protest, the Plaintiff lost the remedy of waiting to be sued under 28 U.S.C. § 1582 and raising the invalidity of the assessment as an affirmative defense in such a suit. See id. (It should be noted that if the government's motion to dismiss is granted, at the very least, the Court would have to order a refund to restore the Plaintiff's remedy of waiting to be sued under 28 U.S.C. § 1582 and raising the invalidity of the assessment as an affirmative defense in such a suit.)

For the Defendant:

Defendant, the United States, states that it intends to file a motion to dismiss for lack of subject matter jurisdiction because this Court lacks jurisdiction to entertain this action, which challenges the decision made by United States Customs and Border Protection ("Customs") regarding the classification of certain merchandise. In addition, the United States may file a motion for partial dismissal for failure to state a claim upon which relief may be granted because the plaintiff failed to exhaust administrative remedies for all but four of the entries at issue here.

b. Should the case be consolidated with any other case and the reason(s) therefore?

No, there are no other cases that should be consolidated with this case.

c. Should trial of liability and damages be bifurcated and the reasons therefore?

No.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?

For the Plaintiff:

No. Contrary to the Defendant's suggestion below, the Plaintiff has no standing to file an action for judicial review of the liquidation of entries under a duty free provision. Vanderhoof, 2004 Ct. Int'l Trade LEXIS 23. Thus, it makes no sense to defer this proceeding until the expiration of the time for filing such an action. The Plaintiff notes that the denial of the protest mentioned below was issued in February 2004 — more than 3 years after the protest was filed — solely to manufacture an exhaustion-type defense to this refund action. See 19 U.S.C. § 1515(a) (protest decision must be issued within two years).

For the Defendant:

In the case of four entries at issue here, Customs issued a decision regarding classification of merchandise on or about February 4, 2004. B.B. Pallets is permitted 180 days to file a lawsuit at the Court of International Trade for these few entries. 28 U.S.C. § 2636(a); 19 CFR 174.31. If the Court were to deny the motion to dismiss, it may be appropriate to defer this action until the Court of International Trade considers the claims of B.B. Pallets, if filed at that court.

e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?

No.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?

The parties contemplate that no other parties are going to be joined in this action at this time.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

For the Plaintiff:

The Plaintiff intends to file a motion for summary judgment if and when the Court denies the government's motion to dismiss. With respect to the jurisdiction arguments made below, see the Plaintiff's discussion of the jurisdictional issue above. In addition, the Plaintiff notes that the rationale of *Trayco* clearly applies where, as here, the only viable alternative remedy a plaintiff has is to refuse to pay the assessment and **wait for up to 6 years to be sued by the government** under 28 U.S.C. § 1582. In this respect, the technical differences between liquidated damages and penalties are immaterial. Neither type of assessment is a charge or exaction that can be protested and reviewed in an action to

contest the denial of a protest under 28 U.S.C. § 1581. Ataka, 826 F. Supp. at 502; Pope Products, 15 C.I.T. at 283; see also Vanderhoof, 2004 Ct. Int'l Trade LEXIS 23 (denial of protest of duty free liquidation not reviewable in the Court of International Trade). Contrary to the Defendant's suggestion below, the Court of International Trade has exclusive jurisdiction to review the denial of a protest of classification **at liquidation.** The Court of International Trade has no jurisdiction to review classification decisions that are made after, and collateral to, the liquidation of the subject entries. See New Zealand Lamb, 40 F.3d 377.

For the Defendant:

The United States intends to file a motion to dismiss for lack of subject matter jurisdiction because the Court of International Trade possesses exclusive jurisdiction to entertain challenges to Customs' classifications. Also, with respect to certain entries, the United States may file a motion to dismiss for failure to state a claim upon which relief may be granted because B.B. Pallets failed to exhaust its administrative remedies.

This Court lacks jurisdiction to entertain the B.B. Pallet's complaint. The gravamen of the complaint is that Customs erred when it classified certain merchandise. The Court of International Trade possesses

exclusive authority to review classification decisions made by Customs. 28 U.S.C. § 1581. See also Macrotel Int'l Corp. v. United States, 24 Fed. Cl. 98, 99 (1995) ("This Court lacks jurisdiction over "any civil action within the exclusive jurisdiction of the Court of International Trade.").

B.B. Pallets characterizes its case as case seeking the refund for liquidated damages. B.B. Pallets asserts that this Court possesses jurisdiction, relying upon Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993) and High Star Toys v. United States, 32 Fed. Cl. 176 (1994) . Compl. ¶ 2. This reliance is misplaced. Trayco presented an entirely different claim, a claim for "a penalty improperly assessed and exacted under 19 U.S.C. § 1592(a),(c)." Trayco, 994 F.2d at 836. High Star Toys is not binding precedent. Moreover, High Star Toys relied upon two cases decided before the Congress expanded the exclusive jurisdiction of the Court of International Trade.

The United States may file a motion for summary judgment because Customs' decision regarding classification has become final and conclusive for most (although not all) of the entries. Therefore, B.B. Pallets cannot demonstrate that it is entitled to a refund.

h. What are the relevant factual and legal issues?

For the Plaintiff:

Whether this Court has jurisdiction to entertain an action for refund of monies paid to U.S. Customs under protest where the Plaintiff has no viable alternative judicial review remedy once the payment under protest has been accepted?

Whether the Plaintiff breached its customs bond with the government by entering the subject merchandise without providing permits required under the now-expired U.S.-Canada Softwood Lumber Agreement of 1996?

Whether the subject entries are properly classified under a tariff provision subject to the now-expired U.S.-Canada Softwood Lumber Agreement of 1996?

For the Defendant:

Whether this Court possesses subject matter jurisdiction to entertain this lawsuit.

Whether B.B. Pallets exhausted its administrative remedies before filing this lawsuit.

Whether Customs' classification decisions are "final and conclusive."

i. What is the likelihood of the settlement? Is alternative dispute resolution contemplated?

Unknown at this time. If the motion to dismiss is denied, communication between the parties may lead to settlement negotiations.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, not dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on the subject.

At this time, the parties anticipate that summary judgment should resolve this case.

k. Are there any special issues regarding electronic case management needs?

This case is subject to the Court's CM/ECF system. The United States may be required to submit an appendix in excess of 50 pages to support its motion to dismiss. A sample of the documents that the United States may submit to support its motion to dismiss is included in the appendix to this JPSR.

*I.* Is there any other information of which the court should be aware at this time?

For The Plaintiff:

The Plaintiff disagrees that "the complaint is not a 'short and plain' statement of its claim and notes that the Defendant's chief objection is that the complaint is not long enough. In this regard, the Plaintiff also disagrees, based on the case law cited above, that the omitted information, which relates to the protest of the liquidation of some of the subject entries, is relevant to any of the legal issues before the Court. Ataka, 826 F. Supp. at 502; Pope Products, 15 C.I.T. at 283; see also Vanderhoof, 2004 Ct. Int'l Trade LEXIS 23 (denial of protest of duty free liquidation not reviewable in the Court of International Trade).

For the Defendant:

The United States contends that the complaint is not a "short a plain statement," as required by RCFC 8(a). The complaint omits some important factual information and includes too much legal argument. Specifically, the complaint fails to explain that the liquidated damages assessed by Customs against B.B. Pallets are based upon, and follow from, other Customs determinations, notably Customs' classification determinations for approximately 50 entries of merchandise. See Compl.

¶¶ 3, 6- 9; Compl. Exhibit 1. All 50 entries are not exactly alike, although some facts are common. The United States respectfully suggests that an amended complaint that sets forth the details occurring before Customs assessed liquidated damages might benefit the Court.

Although the complaint omits many details leading to Customs' decision to liquidate bonds posted by B.B. Pallets, the complaint contains many statements that are not allegations of fact, but rather argument. See, e.g., Compl. ¶¶ 32-54; 56-57; 61-82. (This material, however, explains why B.B. Pallets believes it should prevail on the merits of its lawsuit. The cited paragraphs do not address whether this Court possesses jurisdiction to entertain the action.) The United States respectfully submits that an amended complaint need not contain this recitation of legal authorities.

Paragraph 5: What is the proposed discovery plan?

The parties respectfully request leave to delay submitting a proposed discovery plan until the Court rules upon the motion to dismiss. The United States believes that it does not require any information from the plaintiff to file its motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ A. Woodson Stuart
A. WOODSON STUART
2315 Wisconsin Ave., NW
Second Floor
Washington, DC 20007
Tele: (202) 279-3196
Fax: (202) 338-0270

Attorney for Plaintiff

April 22, 2004April 27, 2004

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant