LexisNexis™ by Credit Card

Home | LexisNexis™ by Credit Card | Bookstore | Products & Services | Sign Off

View: Full | Cite | KWIC    Documents Purchased | New Search    View in Printable Form

**Your browser settings may prevent your return to this document. Please print or download this document before selecting another.**

**Document Links:**
Start of Document
DISPOSITION:
CASE SUMMARY
PROCEDURAL POSTURE:
OVERVIEW:
OUTCOME:
CORE TERMS:
LexisNexis (TM) HEADNOTES - Core Concepts -
SYLLABUS:
COUNSEL:
JUDGES:
OPINIONBY:
OPINION:

SHEPARD'S®

*2004 Ct. Intl. Trade LEXIS 23, *; SLIP OP. 2004-23*

**VANDERHOOF** SPECIALTY WOOD PRODUCTS, INC., Plaintiff, v. UNITED STATES, Defendant.

Court No. 02-00793

UNITED STATES COURT OF INTERNATIONAL TRADE

2004 Ct. Intl. Trade LEXIS 23; SLIP OP. 2004-23

March 11, 2004, Dated

**DISPOSITION:** [*1] Case dismissed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff importer of remanufactured wood products sued defendant United States, alleging that the United States improperly classified the importer's merchandise. The United States moved to dismiss the complaint as moot since the merchandise was duty free under both the applied classification and the importer's proposed classification.

**OVERVIEW:** The importer contended that, regardless of the duty free status of its merchandise, the importer suffered actual injury since the applied classification obligated the importer to expend valuable export permits which were not required under the importer's proposed classification. The court held, however, that there was no justiciable case or controversy since no relief was available to the importer. The court first noted that the importer's complaint alleged only an improper classification and made no mention of export permits. In any event, the international agreement requiring the permits expired, and such permits were no longer required and could no longer be used; thus, the return of the permits to the importer would provide nothing of value to the importer and the importer had no legally cognizable interest in the outcome of the litigation.

**OUTCOME:** The motion of the United States to dismiss the complaint as moot was

granted.

**CORE TERMS:** export, reclassification, classification, merchandise, subheading, duty free, encumbrance, wood, handrails, redressed, favorable, duty, failure to state a claim, suffered actual injury, judicial decision, justiciable case, amount of duty, fails to meet, non-justiciable, reliquidation, classified, obligated, expend, opposes, moot, motion to dismiss, tariff, extinguished, importation, directing

**LexisNexis (TM) HEADNOTES - Core Concepts -** Hide Concepts

Civil Procedure > Justiciability > Case or Controversy
Constitutional Law > The Judiciary > Case or Controversy

*HN1* Pursuant to U.S. Const. art. III, federal courts are empowered to decide only those claims that present live cases or controversies. In order to satisfy the case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision. A claim must be dismissed as non-justiciable if it fails to meet the art. III criteria.

Civil Procedure > Justiciability > Case or Controversy
Constitutional Law > The Judiciary > Case or Controversy

*HN2* Ultimately, the duty of every judicial tribunal is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. Even where a court possesses jurisdiction to hear a claim, it may not do so in cases where the claim is such that the court lacks ability to supply relief.

**SYLLABUS:** The United States moves to dismiss the action brought by plaintiff, **Vanderhoof** Specialty Wood Products, Inc., pursuant to USCIT R. 12(b)(5) for failure to state a claim upon which relief may be granted. The government argues that there is no justiciable case or controversy in this matter because the merchandise at issue was entered duty free. **Vanderhoof** opposes the motion and argues that it suffered actual injury since reclassification of the subject entries obligated plaintiff to expend valuable Canadian export permits on such entries.

**Held:** For the reasons stated below, Government's motion to dismiss this case is granted. Case dismissed.

**COUNSEL:** Alston & Bird LLP (Paul F. Brinkman and Daniel J. Gerkin) for **Vanderhoof** Specialty Wood Products, Inc., plaintiff.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Civil Division, Commercial Litigation Branch, United States Department of Justice (Aimee Lee) for the United States, defendant.

**JUDGES:** BEFORE: NICHOLAS TSOUCALAS, SENIOR JUDGE.

**OPINIONBY:** NICHOLAS TSOUCALAS

**OPINION: MEMORANDUM OPINION**

**TSOUCALAS, Senior Judge:** The United States ("the [*2] government") moves to dismiss the action brought by plaintiff, **Vanderhoof** Specialty Wood Products, Inc. ("**Vanderhoof**"), pursuant to USCIT R. 12(b)(5) for failure to state a claim upon which relief may be granted. The government argues that there is no justiciable case or controversy in this matter because the merchandise at issue was entered duty free. **Vanderhoof** opposes the motion and argues that it suffered actual injury since reclassification of the subject entries obligated plaintiff to expend valuable Canadian export permits on such entries.

**DISCUSSION**

**A. Background**

**Vanderhoof** "remanufactures" value-added **softwood** lumber products in **Vanderhoof,** British Columbia, Canada. See Compl. P 9. **Vanderhoof** "purchases 'trim blocks' or 'mill trim ends' (waste wood) from sawmills in British Columbia, cuts off defects, and joins the blocks to form longer dimensional wood products ... using a finger-jointing machine. These products are graded, and some are sold as framing lumber (e.g. 'studs')." Id. P 11. Some of these finger-jointed studs were used by **Vanderhoof** to manufacture Deckmate brand handrails ("handrails" or "subject merchandise") that were imported into [*3] the United States. See id. P 12. **Vanderhoof** entered the handrails under subheading 4409.10.45 of the Harmonized Tariff Schedule of the United States ("claimed provision"). See id. P 14. The United States Bureau of Customs and Border Protection ("Customs") liquidated the subject merchandise under subheading 4407.10.00 ("assessed provision"). See id. P 15. Both subheadings carry a duty-free rate of importation since all NAFTA-originating wood products are duty free. See Pl.'s

Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 1. However, Customs' reclassification of the handrails under subheading 4407.10.00 "required **Vanderhoof** to present valid Canadian export permits for the [subject] merchandise." n1 Id. at 2. As a result, **Vanderhoof** filed timely protests against the subject entries that were ultimately denied by Customs on August 30, 2002. See Compl. P 4. Subsequently, **Vanderhoof** filed a complaint with this Court contesting Customs' reclassification of the subject entries and requesting a judgment directing Customs to reliquidate the subject entries under the proposed subheading.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Under the **Softwood** Lumber Agreement between the United States and Canada, items classified under subheading 4407.10.00 are encumbered with a bond requirement mandating **Vanderhoof** to present a government issued permit within 20 days of entry. See **Softwood** Lumber Agreement ("SLA"), May 29, 1996, Canada-United States, 35 I.L.M. 1195 (entered into force May 29, 1996); 19 C.F.R. §§ 12.140(a), 113.62(k) (2000). The permit fee may cost a Canadian exporter $ 50.00 (USD) or $ 100.00 (USD) per thousand board feet. See id. This requirement is not imposed on Canadian imports classified under 4409.10.45. See 19 C.F.R. § 12.140(a).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*4]

**B. Contention of the Parties**

The government argues that this action involves a non-justiciable controversy and, accordingly, this case should be dismissed. See Def.'s Mot. Dismiss Lack Justiciable Controversy ("Def.'s Mot.") at 2-4. According to the government, "even if the Court decides that plaintiff's proposed classification is correct, which is not the case, the Court cannot grant relief to plaintiff" because both the assessed and claimed provisions are duty free. Id. at 2. The government cites a string of cases to support its contention that "where the duty rate under both the assessed and the claimed tariff provisions is the same, the case should be dismissed as moot." Id. at 3. (citing Sneakers Circus, Inc. v. Carter, 566 F.2d 396, 400 n.9 (2d Cir. 1977) (stating, in dicta, that where "a reclassification would have no effect on either the rate or amount of duty payable, no opportunity to challenge exists"); 3V, Inc. v. United States, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999) (finding no case or controversy where the claimed an assessed classifications were duty free); Acrilicos v. Regan, 9 CIT 442, 449, 617 F. Supp. 1082, 1088 (1985) [*5] (finding that any decision would render an advisory opinion because the amount of duty to be paid by plaintiff is unaffected by the action); Carson M. Simon & Co. v. United States, 55 Cust. Ct. 103, 108, C.D. 2558, (1965) (dismissing claims as to entries that were entered at a rate lower than the claimed rate)).

**Vanderhoof** argues that Customs' classification does not involve rate of duty, but rather the resulting encumbrance placed on plaintiff pursuant to the **Softwood** Lumber Agreement. See Pl.'s Opp'n at 3. Specifically, plaintiff argues that Customs' reclassification of the subject entries under subheading 4407.10.00 required **Vanderhoof** to obtain export permits from the Canadian government. See id. at 2. To obtain these permits, **Vanderhoof** paid fees to Canada determined in accordance with the schedule listed under Article II of the **Softwood** Lumber Agreement. See id. 2-3; see also SLA, 35 I.L.M. at 1197. According to **Vanderhoof,** the injury suffered deals not with the amount of duties assessed pursuant to the reclassification, but rather the surrender of "valuable" export permits to Customs as a result of the reclassification. See Pl. [*6] 's Opp'n at 2-3. **Vanderhoof** further argues that this injury can be redressed by a favorable judicial decision because proper classification of the subject merchandise and reliquidation under 4409.10.45 would require Customs to return the permits submitted by plaintiff under protest at the time of entry. See id. at 3.

**C. Analysis**

*HN1* Pursuant to Article III of the United States Constitution, federal courts are empowered to decide only those claims that present live cases or controversies. See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 78 L. Ed. 2d 58, 104 S. Ct. 373 (1983) (citing DeFunis v. Odegaard, 416 U.S. 312, 316, 40 L. Ed. 2d 164, 94 S. Ct. 1704 (1974)). In order to satisfy the case or controversy requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." See id. (citation omitted). A claim must be dismissed as non-justiciable if it fails to meet the Article III criteria. See Powell v. McCormack, 395 U.S. 486, 496 n.7, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969); Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3, 11 L. Ed. 2d 347, 84 S. Ct. 391 (1964). *HN2* Ultimately, "the duty of this Court, as of every judicial tribunal, [*7] is limited to determining rights of persons or of property, which are actually controverted in the particular case before it." California v. San Pablo & Tulare R.R. Co., 149 U.S. 308, 314, 37 L. Ed. 747, 13 S. Ct. 876 (1893). "Even where a court possesses jurisdiction to hear a claim, it may not do so in cases where the claim ... is such that the court lacks 'ability to supply relief.'" Adkins v. United States, 68 F.3d 1317, 1322 (Fed. Cir. 1995) (citing Murphy v. United States, 993 F.2d 871, 872 (Fed. Cir. 1993)).

The parties in this case disagree as to the correct classification of the subject merchandise. It is uncontested that no matter the Court's ruling, "the Government collects and [the plaintiff] pays nothing" since all NAFTA-originating wood products are duty free. See 3V, 23 CIT at 1049, 83 F. Supp. 2d at 1353. The crux of plaintiff's argument is that classification under the

proposed heading would entitle **Vanderhoof** to the return of "valuable" export permits currently in Customs' possession. See Pl'.s Opp'n 2-3. Plaintiff's complaint, however, makes no mention of such permits. See Compl. It is not until plaintiff's [*8] opposition papers to the government's motion to dismiss that **Vanderhoof** claims its injury rests in something other than the assessment of duties and links this case to the **Softwood** Lumber Agreement.

Even after reading plaintiff's arguments, the Court cannot discern what injury can be redressed by a favorable ruling. In this case, valid export permits were presented to Customs at importation for the subject entries. Once such permits were presented, any encumbrance of **Vanderhoof's** entries were extinguished. See Def.'s Reply Pl.'s Opp'n Def.'s Mot. Dismiss (Def.'s Reply") at 2. But see Pl.'s Opp'n at 1 (stating that Customs' classification resulted in "the unlawful encumbrance of **Vanderhoof's** entries and that the resolution of the classification dispute by this Court and an order directing reliquidation under the claimed tariff provision would, albeit belatedly, remove the encumbrance"). Moreover, plaintiff does not seek a refund for the export permits but rather their return. See Pl.'s Opp'n at 3.

The Court agrees with the government. "The matter of permits is wholly peripheral to the issue actually raised by **Vanderhoof** in its complaint." Def.'s Reply at 2. The permits [*9] were issued by the Canadian government under the requirements of the U.S.-Canada **Softwood** Lumber Agreement and, ultimately, pursuant to 19 C.F.R. § 12.140(a). This agreement expired in 2001 (five years after its effective date) and, accordingly, there no longer exists a permit requirement pursuant to such agreement. See SLA, 35 I.L.M. at 1195; Def.'s Reply at 3; see also 19 C.F.R. § 12.140 (stating that "the requirements set forth in this section are applicable for as long as the **Softwood** Lumber Agreement ... remains in effect"). Thus, **Vanderhoof** would be precluded from using such permits today. Although **Vanderhoof** has termed these permits "valuable," it has not established what, if any, value such permits possess. Since plaintiff has no "legally cognizable interest" in the outcome of this litigation, **Vanderhoof's** claims are moot. See PPG Indus., Inc. v. United States, 11 CIT 303, 306, 660 F. Supp. 965, 968 (1987) (quoting Powell, 395 U.S. at 496). Accordingly, this case is dismissed.

**CONCLUSION**

Plaintiff's claim fails to meet the Article III criteria. Since the encumbrance [*10] on **Vanderhoof's** entries was extinguished upon presenting Customs with required export permits, and since return of such permits can not meaningfully redress any economic or legal injury, this case is dismissed. Judgment will be entered accordingly.

/s/ Nicholas Tsoucalas

**SENIOR JUDGE**

Dated: March 11, 2004, New York, New York

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
Your use of this service is governed by Terms & Conditions . Please review them.