# In the United States Court of Federal Claims

Case No. 03-2748C
(Filed: May 21, 2004)

| | |
|---|---|
| B.B. PALLETS, INC., *Plaintiff,* | * |
| v. | * |
| THE UNITED STATES OF AMERICA, *Defendant.* | * |

## ORDER

On March 20, 2004, the Plaintiff, B.B. Pallets, Inc., filed a request for entry of default with the Clerk of the Court, pursuant to Rule 55(a) of the Rules of the United States Court of Federal Claims (RCFC). Because the Defendant had failed to file an answer by March 19, 2004, as required by the Court's Order of March 8, 2004, granting the Defendant a second enlargement of time, the Clerk entered a default judgment on March 24, 2004.

On March 25, 2004, the Defendant filed Defendant's Motion to Set Aside Entry of Default and Motion for Leave to File Opposition to Plaintiff's Request for Entry of Default. The Plaintiff filed a Reply in Support of Plaintiff's Request for Entry of Default on March 26, 2004. **For the reasons stated below, the Defendant's Motion is hereby granted. The Clerk is directed to vacate the entry of default.**

On December 19, 2003, this Court issued its Special Procedures Order, changing the deadlines for filings. The Defendant indicated in the Joint Status Report, filed on April 27, 2004, that it intends to proceed by dispositive motion, in lieu of filing an answer. Our Special Procedures Order states that no dispositve motions may be filed before a preliminary status conference is conducted, superceding the time for filing dispositive motions contained in the RCFC.

The Defendant was obligated to file either an answer, the Joint Status Report, or a request for an extension of time by March 19, 2004. The Defendant is incorrect in its assertion that our Special Procedures Order required no action on its part. Nonetheless, we find good cause to set aside the entry of default. *See* RCFC 55(c).

The Plaintiff in its Reply, alleges that the Defendant's statements in soliciting its assent to the enlargements of time were misleading given the Defendant's intent to file a motion in lieu of an answer. We expect counsel to behave professionally and we decline to infer improper motivation or behavior on counsel's part.

The parties are reminded that dispositive motions may not be filed before this Court holds a preliminary status conference. Accordingly, **the Defendant's obligation to respond to the complaint is hereby stayed pending the completion of the preliminary status conference.** That conference will he held promptly upon completion of the ADR process.

**IT IS SO ORDERED.**

________________________
LAWRENCE M. BASKIR
Judge