IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| B.B. PALLETS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2748C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ADDRESSING THE *FOREST PRODUCTS NORTHWEST* DECISION**

Plaintiff, B.B. Pallets, Inc. ("BBP") respectfully submits this supplemental brief addressing the Court's recent decision in *Forest Products Northwest, Inc. v. United States*, No. 03-2485C, slip op. (Fed. Cl. Sept. 17, 2004) (Lawrence Block, J.).

*Forest Products* involved a claim for a refund of estimated duties paid under protest at entry on certain imports of edge-glued cedar lumber from Canada. The government moved to dismiss the action, and the Court granted the government's motion on the ground that Forest Products must exhaust its remedy of protesting the assessment of final duties under 19 U.S.C. § 1514(a), when the entries eventually liquidate, followed by judicial review in the Court of International Trade under 28 U.S.C. § 1581(a).

As demonstrated in our opposition to the government's motion to dismiss, Congress prescribed a different set of administrative remedies for penalties and liquidated damages. *See* Pl.'s Opp. to Def.'s Mot. to Dismiss at 34-48; 19 U.S.C. §§ 1618 and 1623(c). BBP fully exhausted this remedy with respect to most of the subject entries (*i.e.,* the loading blocks).

Moreover, the Federal Circuit has held that these remedies need not be exhausted to challenge the validity of the assessment in a government-initiated collection action under 28 U.S.C. § 1582(2), or, alternatively, an importer-initiated refund action in this Court under the Tucker Act. *See United States v. Cocoa Berkau, Inc.,* 990 F.2d 610 (Fed. Cir. 1993) ("We hold that [a] . . . proceeding under 19 U.S.C. § 1623(c) [is] not an 'administrative proceeding required by contract or by law'"); *Trayco Inc. v. United States,* 994 F.2d 832, 838 (Fed. Cir. 1993) (noting the government's argument that an importer who wants "to challenge a penalty assessed by Customs . . . may either seek judicial relief and forego the opportunity for an administrative remedy or elect to exhaust administrative remedies thereby foreclosing the opportunity for judicial review.").

Finally, even if importers were required to pursue a protest remedy under 19 U.S.C. § 1514(a) to challenge an assessment of penalties or liquidated damages based on an alleged misclassification, in this particular case, no judicial review of the denial of the protest would have been available in the Court of International Trade under 28 U.S.C. § 1581(a). *See Vanderhoof Specialty Wood Products, Inc. v. United States,* No. 02-00793 (Ct. Int'l Trade Mar. 11, 2004); Def.'s Mot. to Dismiss at 44-47; *see also* Administrative Procedure Act ("APA"), 5 U.S.C. § 702 to 704.[1]

In short, the facts of the *Forest Products* case are completely distinguishable from the facts of this case, which does not involve an assessment of duties subject to protest and review under 19 U.S.C.

---

[1] These provisions read in relevant part as follows:

> A person . . . adversely affected . . . by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . .

5 U.S.C. § 702.

> The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute ***or, in the absence or inadequacy thereof, any applicable form of legal action*** . . . in a court of competent jurisdiction. . . .

*Id.* § 703 (emphasis added).

> Agency action made reviewable by statute ***and final agency action for which there is no other adequate remedy in a court*** are subject to judicial review. . . .

*Id.* § 704 (emphasis added).

§ 1514(a) and 28 U.S.C. § 1581(a). By contrast, *Trayco* is virtually indistinguishable from this case except that this case involves liquidated damages rather than penalties.[2]

Respectfully submitted,
JONES & STUART, LLP

Date: October 6, 2004

s/A. Woodson Stuart

A. Woodson Stuart, Esq.
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
Tele: (202) 297-3196
Fax: (202) 318-8317

*Attorneys for Plaintiff BB Pallets*

[2] In addition, the *Forest Products* decision could be reversed on appeal. Any reliance on the decision by this Court therefore would be unwise.