IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| B.B. PALLETS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2748C |
| v. | ) | (Judge Baskir) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL STATEMENT REGARDING
*FOREST PRODUCTS NORTHWEST, INC. v. UNITED STATES*

Pursuant to the Court's order, dated September 15, 2004, the United States respectfully submits this supplemental brief addressing Forest Products Northwest, Inc. v. United States, ___ Fed. Cl. ___ (No. 03-2485) (Sept. 14, 2004). Forest Products lends direct support to at least two of the bases for our demonstration that this Court lacks jurisdiction for at least two reasons: first, the Court of International Trade possesses exclusive jurisdiction to entertain challenges to classification decisions and second, the plaintiff cannot rely upon a contract as the basis for this Court's jurisdiction.

Forest Products arises from facts that are similar to those here. After Forest Products imported certain lumber into this country, the United States Customs and Border Protection ("Customs") determined that the merchandise should be classified in a certain way. Forest Products

objected to this classification. Without pursuing its administrative remedies and filing a summons at the Court of International Trade, Forest Products paid countervailing duties "under protest." Forest Products, then, filed an action in this Court seeking a refund of all money paid to Customs. Id., slip op. at 1.

In Forest Products, the Court ruled that it lacked jurisdiction to entertain the complaint. Id., slip op. at 2. Because the facts of Forest Products and this case are so similar, the result should be the same – a dismissal of the complaint.

I. The Court In *Forest Products* Correctly Ruled That The Court Of International Trade Possesses Exclusive Jurisdiction To Entertain The Plaintiff's Challenge To The Classification Decision

The reasoning in Forest Products relies upon fundamental principle — classification decisions are protestable and the Court of International Trade is the only judicial forum authorized to review them. Id., slip op. at 11-12, 15-16, 20. Forest Products provides additional authority for this principle we previously demonstrated. See Mot. at 5-8, 22, Rep. 8, 26, 30.

In holding that the Court of International Trade possesses exclusive jurisdiction to entertain challenges to classification decisions, Forest Products distinguished Trayco, Inc. v. United States, 994 F.2d 832 (Fed.

Cir. 1993) and High Star Toys, Inc. v. United States, 32 Fed. Cl. 176 (1994). See Forest Products, slip op. at 18-19 (noting that the plaintiffs in Trayco and High Star Toys exhausted their administrative remedies). Our filings also demonstrate that Trayco and High Star Toys do not support, much less compel, a finding that this Court possesses jurisdiction. Mot. at 14-21, Rep. 26-30.

B.B. Pallets' complaint should be dismissed because the Court of International Trade possesses exclusive jurisdiction to entertain a challenge to a classification decision. The Tucker Act clearly separates the jurisdiction of this Court from the jurisdiction of the Court of International Trade. 28 U.S.C. § 1491(c). See, e.g., Folden v. United States, 379 F.3d 1344, 1357 (Fed. Cir. 2004). Thus, dismissal of the complaint is necessary.

## II. The Court In *Forest Products* Correctly Ruled That The Plaintiff's Action Was Not Founded Upon a Contract Or Money-Mandating Regulation

We previously demonstrated that B.B. Pallets cannot establish this Court's jurisdiction by referring to a contract with the United States or a money-mandating regulation. Rep. 4-7. Forest Products supports our demonstration. A plaintiff cannot establish this Court's jurisdiction "simply

by characterizing the applicable statute or regulation as creating an implied contract." Forest Products, slip op. at 7. n. 10. We respectfully request the Court to adopt the well-supported reasoning of Forest Products and reject B.B. Pallets' attempt to label its action as a breach of contract or as an action founded upon a money-mandating statute or regulation. B.B. Pallets truly seeks a review of a classification decision by this Court rather than the Court of International Trade. B.B. Pallets seeks to circumvent the same "elaborate scheme" that Forest Products tried to evade. Id., slip op. at 20-21. As in Forest Products, the only appropriate action is to dismiss B.B. Pallets' complaint.

## CONCLUSION

Forest Products arises from facts similar to the case at bar. In both cases, the importer did not obtain judicial review of Customs's classification decision in the only judicial forum authorized to entertain challenges to classification decisions, the Court of International Trade. The Court in Forest Products correctly dismissed the complaint, and we respectfully request that this Court do the same.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:
Albert Kundrat
Attorney
United States Customs and
Border Protection
6026 Lakeside Blvd.
Indianapolis, IN 46278

October 5, 2004