**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| B.B. PALLETS, INC., *Plaintiff,* v. UNITED STATES, *Defendant.* | Case No. 03-2748 |

**PLAINTIFF'S SURREPLY IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff, B.B. Pallets, Inc., by and through its attorneys, JONES & STUART, LLP, and A. Woodson Stuart, Esq., 2300 M Street, NW, Suite 800, Washington, D.C. 20037, Tel: (202) 297-3196, Fax: (202) 338-0270, and hereby submits this Surreply in Opposition to Defendant's Motion to Dismiss, and as ground in support thereof states the following:

The government proves too much when it argues, for the first time in its Reply Brief, that U.S. Customs "will not accept payments 'under protest.'" *See* Reply in Support of Def.'s Mot. to Dismiss at 32 (quoting *Notice of Proposed Rulemaking,* 65 Fed. Reg. 53565, 53567 (U.S. Customs Sept. 5, 2000) and 19 C.F.R. § 172.22(b) (2004)). This argument proves too much. It is undisputed that U.S. Customs accepted BBP's

payment under protest. The agency's non-compliance with the very regulatory provision upon which it relies to avoid a *Trayco*-type refund action supports BBP's position that such an action is allowed in this case.

According to the government, under 19 C.F.R. § 122.22(b), the acceptance of BBP's payment under protest created an "accord and satisfaction." An "accord and satisfaction" is a species of contract. Thus, the government is now conceding that there is a contractual (and regulatory) basis for BBP's refund claim under the Tucker Act, 28 U.S.C. § 1491(a).

Moreover, as BBP set forth at page 32 of its Opposition to the Defendant's Motion to Dismiss, under the law of contracts, a party who has made a demand for payment, and receives a payment "under protest with a reservation of rights to judicial review," impliedly agrees to the stated conditions. *See* 6 Corbin, Contracts, § 1279, at 130 (1962) (when given a conditional payment, a creditor has the simple choice of accepting the conditions of payment or returning the check and bringing an action on the original debt); *see also In re New York,* 178 F.2d 765 (2d Cir. 1950) ("[The payment under protest] was a plainly conditional and not a voluntary payment and it entitled the petitioner to a judicial review of any obligation it

was claimed to have been under to make the payment."); *Cambridge Sav. Bank v. City of Boston,* 8 N.E.2d 790 (Mass. 1937) ("by acceptance of benefits, [the city government] received the money in the same circumstances and subject to the same conditions as did [its employee]"); *cf. Trayco Inc. v. United States,* 994 F.2d 832, 839 (Fed. Cir. 1993) ("the government could have refused to accept Trayco's check . . . Trayco accompanied its payment with a letter expressly reserving its rights to judicial review. Customs accepted Trayco's payment with full knowledge of Trayco's reservation. . . . . [T]he parties constructively agreed that Trayco had every right to seek judicial review" under the Tucker Act.).[1]

By using the term "accord and satisfaction," and stating that U.S. Customs "will not accept payments 'under protest,'" the agency implicitly recognized the correctness and applicability of the just-stated principle of contract law in the context of demands for penalties and liquidated damages.

---

[1] *Cf. United States v. Schoverling,* 146 U.S. 76 (1892) (recognizing that importers who pay money "under protest" to satisfy unlawful demands by customs collectors have a substantive right to a refund under federal common law); *Seeberger v. Farwell,* 139 U.S. 608 (1891) (same); *Magone v. Luckemeyer,* 139 U.S. 612, 614 (1891) (same); *Worthington v. Robbins,* 139 U.S. 337 (1891) (same); *Merritt v. Welsh,* 104 U.S. 694 (1891) (same); *United States v. Levitt,* 26 Fed. Cas. 919 (D. Mass. 1842) (same).

For the foregoing reasons, and the reasons stated in our Opposition to the Defendant's Motion to Dismiss, BBP respectfully requests that said be DENIED.

Respectfully submitted,

Date: November 31, 2004

s/*A. Woodson Stuart*

A. Woodson Stuart, Esq.
JONES & STUART, LLP
2300 M Street, NW, Suite 800
Washington, D.C. 20037
Tel: (202) 279-3196
Fax: (202) 338-0270

*Attorneys for Plaintiff B.B. Pallets, Inc.*