No. 03-2748C
(Judge Baskir)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

B.B. PALLETS, INC.

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S SUPPLEMENTAL BRIEF

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
Albert Kundrat
Attorney
United States Customs and
Border Protection
6026 Lakeside Blvd.
Indianapolis, IN 46278

CHRISTIAN J. MORAN
Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit 8th Floor
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

January 12, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGES**

DEFENDANT'S SUPPLEMENTAL BRIEF ........................................ 1

ARGUMENT ........................................ 4

I. The Court Of International Trade Possesses Jurisdiction ....... 4

II. The Importer's Complaint Is Justiciable ........................................ 5

A. A Dispute Over Classification That Determines Whether Money Is Owed Raises An Actual Controversy Between The Parties ........................................ 6

B. The Court Of International Trade Possesses The Authority To Order Customs To Refund All Liquidated Damages ........................................ 10

III. B.B. Pallets Should Have Filed A Summons At The Court Of International Trade ........................................ 12

CONCLUSION ........................................ 13

# TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGES**


3V v. United States,
83 F. Supp. 2d 1351 (Ct. Int'l Trade 1993) ....................................... 7

Acrilicos v. Regan,
617 F. Supp. 1082 (Ct. Int'l Trade 1985) ......................................... 8

Adkins v. United States,
68 F.3d 1317 (Fed. Cir. 1995) ......................................................... 5

Aetna Life Insurance Co. of Hartford, Conn. v. Haworth,
300 U.S. 227 (1937) ......................................................................... 5

American Bayridge Corp. v. United States,
217 F.3d 857, 1999 WL 997303 (Fed. Cir. 1999) ........................... 10

American Bayridge Corp. v. United States,
35 F. Supp. 2d 922 (Ct. Int'l Trade 1998), appeal dismissed and vacated in part, 217 F.3d 857 (Fed. Cir. 1999) ................................. 9

Baker v. Carr,
369 U.S. 186 (1962) ......................................................................... 5

Carson M. Simon & Co. v. United States,
55 Cust. Ct. 103 (1965) ................................................................... 8

Outlet Book Co., Inc. v. United States,
743 F. Supp. 881 (Ct. Int'l Trade, 1990) .......................................... 4

Pope Products v. United States,
15 C.I.T. 484 (1991) ......................................................................... 4

Sneaker Circus, Inc. v. Carter,
566 F.2d 396 (2d Cir. 1977) ............................................................ 9

S. Stern, Henry & Co. v. United States,
44 Cust. Ct. 437, 1960 WL 9587 (1960) .......................................... 11

Star Sales & Distributing Corp. v. United States,
663 F. Supp. 1127 (Ct. Int'l Trade 1986) ....................................... 12

United States v. Cocoa Berkau, Inc. & Washington Int'l Ins. Co.,
990 F.3d 610 (Fed. Cir. 1993) ....................................................... 11

United States v. Toshoku America, Inc.,
879 F.2d 815 (Fed. Cir. 1989) ....................................................... 11

United States v. Utex International, Inc.,
857 F.2d 1408 (Fed. Cir. 1988) ................................................. 3, 11

Vanderhoof Specialty Wood Products, Inc. v. United States,
No. 02-00793, 2004 WL 483164 (Ct. Int'l Trade, Mar. 11, 2004) ...... 7

**FEDERAL STATUTES**

United States Code

19 U.S.C. § 1514(a) ............................................................................ 3, 4

19 U.S.C. § 1623(c) ............................................................................ 10

28 U.S.C. § 1491(c) ............................................................................ 13

28 U.S.C. § 1581(a) .............................................................................. 4

28 U.S.C. § 1582(2) ............................................................................ 11

28 U.S.C. § 1585 .............................................................................. 4, 12

28 U.S.C. § 2637 .................................................................................. 3

Code of Federal Regulations

19 C.F.R. § 12.140(a) .......................................................................... 10

19 C.F.R. § 113.62(k), (l)(5) ...................................................................... 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| B.B. PALLETS, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2748C<br>(Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF

Pursuant to the Court's instructions issued during oral argument upon our motion to dismiss on December 9, 2004, and the Court's December 15, 2004 order, defendant, the United States, respectfully submits this supplemental brief. As demonstrated below, the Court of International Trade possesses the authority to order Customs to provide relief from its assessments of liquidated damages. B.B. Pallets is not excused from challenging Customs' classification decision in the Court of International Trade. Therefore, for these reasons and the reasons set forth in our motion to dismiss, we respectfully request that the Court grant our motion to dismiss.

The Court has requested supplemental briefing to address whether the Court of International Trade possesses the authority to compel Customs to grant an importer relief from liquidated damages. Pursuant to the Court's instructions, we assume that the importer fulfilled all

jurisdictional prerequisites, such as filing a timely protest and then filing a timely summons at the Court of International Trade. Under these circumstances, the Court of International Trade possesses the jurisdiction to entertain an importer's complaint. Furthermore, the Court of International Trade is not barred by any constitutional limitations associated with the "case or controversy" clause. Thus, importers confronting B.B. Pallets's situation could seek judicial review of the classification decision and obtain relief if ordered by the Court of International Trade.

The conclusion that the Court of International Trade possesses jurisdiction and the authority to order relief from liquidated damages flows from the factual circumstances that the Court has requested us to assume. These are set forth below:

| Step | Event |
| --- | --- |
| 1 | Importer imports merchandise that it calls bed frames and classifies them as "other articles of wood" pursuant to HTSUS 4421. See Compl. ¶ 5. |
| 2 | Customs reviews classification, proposes to change classification to "coniferous lumber" pursuant to HTSUS 4407, issues notice of intent to impose liquidated damages absent submission of Softwood Lumber permit. See Def. App. 4 (Notice of Action, dated July 6, 2000). |
| 3 | When the permits are not provided, Customs imposes liquidated damages. See Def. App. 4A (Notice of Penalty or Liquidated Damages Incurred, dated August 14, 2000). |

| Step | Event |
| --- | --- |
| 4 | Customs liquidates the entry, classifies the merchandise pursuant to HTSUS 4407. See Compl. ¶ 6; Def. App. 33 (showing liquidation on Sept. 15, 2000). The different classification does not affect the duty. |
| 5 | Importer files a timely protest. See Def. App. 33 (protest, dated Dec. 13, 2000). Filing a timely protest is necessary to avoid the classification decision become final. 19 U.S.C. § 1514(a). |
| 6 | Customs denies the protest. See Def. App. 33 (decision, dated Sept. 12, 2002). |
| 7 | Importer pays the liquidated damages. See Compl. Ex. 1 (letter dated Jan. 6, 2003). Note, this payment is not required to vest the Court of International Trade with jurisdiction. See 28 U.S.C. § 2637; see also United States v. Utex International, Inc., 857 F.2d 1408, 1414 (Fed. Cir. 1988) (no requirement to protest and pay liquidated damages to defend upon the merits in an action brought by the Government to collect liquidated damages) |
| 8 | Importer files a timely summons in the Court of International Trade and seeks (a) a change in classification and (b) a refund of liquidated damages. |

We assume that these facts are present in the hypothetical situation the Court has asked us to address. Under these facts, the Court of International Trade possesses jurisdiction. In addition, the hypothetical lawsuit presents a justiciable controversy.

## ARGUMENT

## I. The Court Of International Trade Possesses Jurisdiction

Jurisdiction is straightforward. Classification is a protestable issue. 19 U.S.C. § 1514(a). The Court of International Trade possesses exclusive jurisdiction to review protestable issues. 28 U.S.C. § 1581(a).

In addition, the Court of International Trade possesses the authority to grant declaratory relief. See 28 U.S.C. § 1585 (Court of International Trade possesses "all the powers of law and equity of, or as conferred by statute upon, a district court of the United States"); see also C.I.T. Rule 57 ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."). Although the Court of International Trade may not enter a declaratory judgment to control future imports (see Outlet Book Co., Inc. v. United States, 743 F.Supp. 881, 888 (Ct. Int'l Trade, 1990), the court still could enter a declaratory judgment regarding the correct classification of the present import.

Finally, the residual clause of the statute delineating the exclusive jurisdiction of the Court of International Trade may authorize that court to entertain an action for relief from liquidated damages or a refund of liquidated damages commenced by an importer. Pope Products v. United States, 15 C.I.T. 484 (1991) (in an action by an importer for a refund of

liquidated damages, the court left the issue of its exclusive residual jurisdiction per 28 U.S.C. § 1581(i) "unresolved" but "assumed" that it possessed that jurisdiction in ruling that the action was barred by the applicable two-year statute of limitations).

Accordingly, the Court of International Trade possesses jurisdiction to entertain an importer's lawsuit seeking both a review of a classification decision and a refund of liquidated damages assessed because of that classification decision.

## II. The Importer's Complaint Is Justiciable

Although a case may be within the jurisdiction of a court, it still may be non-justiciable. Adkins v. United States, 68 F.3d 1317, 1322 (Fed. Cir. 1995). The issue of justiciability requires an examination as to "whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded." Baker v. Carr, 369 U.S. 186, 198 (1962). A controversy also must be actually disputed between the parties. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937). Here, B.B. Pallets' claim is within the exclusive jurisdiction of the Court of International Trade and justiciable in that court.

B.B. Pallets does not seem to challenge the jurisdiction of the Court of International Trade. Instead, B.B. Pallets argues that any complaint would present a non-justiciable issue for two reasons: first, the complaint would not present an actual controversy between the parties; and second, the Court of International Trade lacks the ability to order Customs to refund the liquidated damages. See Pl. Opp. 44-47; Tr. 22. Both reasons are wrong.

A. A Dispute Over Classification That Determines Whether Money Is Owed Raises An Actual Controversy Between The Parties

When Customs classifies merchandise pursuant to HTSUS 4407 ("coniferous lumber"), this classification requires the importer either to produce export permits or to pay a sum of money. See 19 C.F.R. §§ 113.62(k), (l)(5) and 12.140(a). In contrast, if the merchandise was classified pursuant to HTSUS 4421 ("other articles of wood"), neither export permits nor money would be required. Consequently, whether merchandise is coniferous lumber or other articles of wood determines whether money is owed. See Tr. 23 (comment by the Court suggesting that $92,000 amounts to a "real dispute"), 29 (comment by the Court stating "$92,000 turns on what classification it is") 53 (comment by the Court that the lawsuit determines who keeps the $92,000).

B.B. Pallets argues that the complaint would not be justiciable because the Court of International Trade refrained from entertaining lawsuits involving classification decisions that do not have duty consequences. B.B. Pallets cites six cases. See Pl. Br. 45. Five cases are all distinguishable basically because the choice between the two classifications failed to implicate any monetary consequences other than duty. The sixth case, American Bayridge, supports a finding that the Court of International Trade does possess jurisdiction.

In Vanderhoof Specialty Wood Products, Inc. v. United States, No. 02-00793, 2004 WL 483164 (Ct. Int'l Trade, Mar. 11, 2004), the Court of International Trade refused to entertain the complaint. Vanderhoof sought the return of export permits, not any money that it had paid. Vanderhoof, at * 3. The export permits, however, had no value because the Softwood Lumber Agreement, the treaty requiring export permits, expired. Id. Thus, Vanderhoof differs from the Court's hypothetical case because, here, an importer would be seeking a refund of money it already paid.

Vanderhoof relied upon four cases, all of which B.B. Pallets cited. None provides any assistance to B.B. Pallets. For example, in 3V v. United States, 83 F. Supp. 2d 1351, 1353 (Ct. Int'l Trade 1993), 3V did "not claim any injury or monetary harm in its Complaint." 3V could not establish any

monetary loss because the two classifications at issue were both duty-free. In contrast, here, a hypothetical importer could claim that the classification caused it an injury.

Similarly, in Carson M. Simon & Co. v. United States, 55 Cust. Ct. 103 (1965), the importer claimed a classification that did not change the duty. Id., at 108. The lawsuit as to these entries was dismissed because the importer did not show any harm. This case is distinguishable because here, the classification decision caused the importer an economic injury through the assessment of liquidated damages.

In Acrilicos v. Regan, 617 F. Supp. 1082 (Ct. Int'l Trade 1985), the importer claimed that Customs should have classified its merchandise pursuant to classification item 310.5015, TSUSA, not item 310.5049, TSUSA. The duty rates under both classifications were the same. Id. at 1088. Although the importer claimed that a classification under item 310.5049 made its merchandise subject to countervailing duties, the court rejected this argument. The United States Department of Commerce, the agency that assesses countervailing duties, does so "without regard to tariff classifications by the Customs Service." Id. at 1087. Thus, even if the Court of International Trade sustained the importer's protest, the importer's liability to pay countervailing duties would not be affected. Acrilicos differs

from the hypothetical lawsuit because Customs's classification decision determines — directly — whether the merchandise is subject to the Softwood Lumber Agreement and the associated regulations for producing export permits or paying liquidated damages.

The comment regarding the Customs Court's jurisdiction to decide between two classifications that do not implicate duty in Sneaker Circus, Inc. v. Carter, 566 F.2d. 396, 400 n.9 (2d Cir. 1977), is clearly dictum. In addition, the language in that decision is from a court that is outside of this jurisdiction. Thus, Sneaker Circus carries no precedential weight.

Finally, B.B. Pallets cites American Bayridge Corp. v. United States, 35 F. Supp. 2d 922 (Ct. Int'l Trade 1998), decision vacated in part and appeal dismissed, 217 F.3d 857 (Fed. Cir. 1999). Pl. Opp. at 47 n. 19. The decision by the trial court actually supports our position. In American Bayridge, the importer and Customs disputed whether certain merchandise, which was imported as a "test" case, should be classified pursuant to 4407 HTSUS or 4418 HTSUS. American Bayridge, 35 F. Supp. 2d at 924. Significantly for purposes of our case, the imports under either classification entered duty-free. Id. at 927 n.4. Despite the fact that classification would not impose a duty, the Court of International Trade exercised jurisdiction to determine the correct classification. Although the

Federal Circuit later vacated the classification decision, the Federal Circuit did so because of mootness, not lack of jurisdiction. American Bayridge Corp. v. United States, 217 F.3d 857, 1999 WL 997303 (Fed. Cir. 1999). American Bayridge, consequently, demonstrates that the jurisdiction of the Court of International Trade is not determined solely by the amount of duty at issue.

Therefore, none of the cases relied upon by B.B. Pallets supports its argument that the hypothetical lawsuit would not present an actual controversy between the parties. Rather, because the decision as to the classification determines whether the importer is responsible for providing export permits or for paying additional money (see 19 C.F.R. § 12.140(a)), the parties would actively dispute the lawsuit. Thus, B.B. Pallets's first argument regarding justiciability is unavailing.

B. The Court Of International Trade Possesses The Authority To Order Customs To Refund All Liquidated Damages

As a second prong of its justiciability argument, B.B. Pallets contends that the Court of International Trade lacks the authority to grant an importer relief. Specifically, according to B.B. Pallets, 19 U.S.C. § 1623(c) forbids the Court of International Trade from reviewing Customs's exercise of discretion to cancel or to mitigate liquidated damages. See Pl. Br. 46; Tr.

50-51. This argument is wrong because the Court of International Trade possesses the authority to order Customs to refund liquidated damages when there is no liability.

Whether an importer is subject to any liability for liquidated damages differs from whether Customs should exercise its discretion to mitigate or cancel liquidated damages. For the first question, judicial review is available. For the second, it is not. See United States v. Cocoa Berkau, Inc. & Washington Int'l Ins. Co., 990 F.3d 610 (Fed. Cir. 1993).

The authority of the Court of International Trade to determine that an importer owes no liquidated damages is illustrated by S. Stern, Henry & Co. v. United States, 44 Cust. Ct. 437, 1960 WL 9587 (1960) (holding that Customs "improperly exacted from plaintiff the liquidated damages herein, and that the amount so exacted should be refunded"). A more recent example is United States v. Utex Int'l, Inc., 857 F.2d 1408, 1414 (Fed. Cir. 1988). If the courts lacked the authority to review whether any liquidated damages were appropriate, then the Government would prevail in every timely action pursuant to 28 U.S.C. § 1582(2) to collect liquidated damages. However, courts do review whether liquidated damages are appropriate. Utex, 857 F.2d at 1414 (judgment for the Government "reversed"); see also United States v. Toshoku Am., Inc., 879 F.2d 815

(Fed. Cir. 1989) (summary judgment in favor of the government "reversed").

The authority of the Court of International Trade to order a refund of liquidated damages is reinforced by 28 U.S.C. § 1585 ("The Court of International Trade shall possess all the powers of law and equity of, or as conferred by statute upon, a district court of the United States."). This broad grant of power indicates that the Court of International Trade can order a refund. See Star Sales & Distributing Corp. v. United States, 663 F.Supp. 1127 (Ct. Int'l Trade 1986) (section 1585 relates to the powers of the Court of International Trade to render an effective judgment).

In sum, the hypothetical lawsuit presents a justiciable case. Monetary (albeit non-duty) consequences depend upon the classification decision. In addition, the Court of International Trade possesses the authority to grant effective relief.

## III. B.B. Pallets Should Have Filed A Summons At The Court Of International Trade

As the above analysis demonstrates, the Court of International Trade could have entertained the lawsuit that B.B. Pallets claims it is excused from filing. Of the eight steps listed at the beginning of this brief, for five of the 49 entries at issue, the first seven steps actually occurred, even B.B.

Pallets' paying the liquidated damages unnecessarily. Why B.B. Pallets did not pursue an action in the Court of International Trade is not known. However, B.B. Pallets possessed the right to seek judicial review in the Court of International Trade. Because the Court of International Trade possessed jurisdiction, this Court does not. 28 U.S.C. § 1491(c).

## CONCLUSION

We respectfully request that the Court grant our pending motion to dismiss for lack of subject matter jurisdiction. The Court of International Trade possesses jurisdiction to entertain the lawsuit that B.B. Pallets could have (and should have filed) there and the authority to grant B.B. Pallets the relief it is seeking. Thus, this Court lacks subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
Albert Kundrat
Attorney
United States Customs and
Border Protection
6026 Lakeside Blvd.
Indianapolis, IN 46278

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

January 12, 2005

Attorneys for Defendant