IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| B.B. PALLETS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2748C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL BRIEF ON JURISDICTION

Defendant, the United States, respectfully submits this reply to B.B. Pallet's response to our supplemental brief regarding jurisdiction. B.B. Pallets fails to respond directly to our brief that demonstrates that the Court of International Trade possesses exclusive jurisdiction to decide protestable issues, including protestable issues underlying a claim for liquidated damages. Def.'s Supp. Br. at 4-5. In addition, the dispute before the Court of International Trade would be justiciable. Def. Supp. Br. at 5-12. Because B.B. Pallets' brief serves only to confirm the correctness of our position, our pending motion to dismiss should be granted.

B.B. Pallets asserts four arguments:

- that the Court of International cannot order the United States Customs and Border Protection ("Customs") to provide relief from liquidated damages. Pl. Supp. Br. at 3-6.
- that Trayco, Inc. v. United States, 994 F.2d 832 (Fed. Cir. 1993), forecloses our jurisdictional argument. Pl. Supp. Br. at 6
- that the matter would not be justiciable in the Court of International Trade. Pl. Supp. Br. at 7
- that the Court of International Trade could not enter a declaratory judgment. Pl. Supp. Br. at 9-10.

For the reasons that follow, these arguments lack merit.

## I. The Court Of International Trade May Determine Whether The Importer Is Liable For Any Liquidated Damages

B.B. Pallets recognizes, as it must, that the Court of International Trade possesses jurisdiction to review assessments of liquidated damages in an action brought by the United States. The question, however, is whether the Court of International Trade also possesses jurisdiction to consider a case involving “pre-enforcement review." (We understand B.B. Pallets uses "pre-enforcement review" to refer to any review by the Court of International Trade related to liquidated damages case that is not before it

in an action brought by the United States pursuant to 28 U.S.C. § 1582(2)).

However, the Court of International Trade does possess jurisdiction to entertain lawsuits initiated by importers to challenge the assessment of liquidated damages. See S. Stern, Henry & Co. v. United States, 44 Cust. Ct. 437, 1960 WL 9587 (1960); Pope Products v. United States, 15 C.I.T. 484 (1991). Thus, B.B. Pallets errs when it states that "[t]he decisions cited by the government to support the proposition that the [Court of International Trade] has jurisdiction to review assessments . . . of liquidated damages all involve enforcement actions commenced by the government under 28 U.S.C. § 1582 – not pre-enforcement actions commenced by the importer under 28 U.S.C. § 1581." Pl. Supp. Br. at 4. Conspicuously, B.B. Pallets fails to discuss either S. Stern or Pope Products. These cases demonstrate that the Court of International Trade possesses jurisdiction to entertain the hypothetical case.

B.B. Pallets contends that the Court of International Trade cannot possess jurisdiction to hear the hypothetical case because "allowing pre-enforcement review of an assessment of liquidated damages would invade the province of the executive." Pl. Supp. Br. at 5. B.B. Pallets bases its contention largely upon the Administrative Procedure Act, 5 U.S.C. § 701,

et seq. Pl. Supp. Br. at 3, 5, and 6. B.B. Pallets' contention is both arbitrary and wrong.

It is arbitrary because the separation of powers should not depend upon whether an importer has paid the liquidated damages. Pursuant to B.B. Pallets' argument if the importer pays the liquidated damages, then the Court of International Trade lacks jurisdiction to review Customs's decision to assess liquidated damages. Judicial review would be available only pursuant to the Tucker Act. Continuing B.B. Pallets' argument, in contrast, if the importer refuses to pay the liquidated damages and is sued by the United States, the Court of International Trade is the exclusive court for such a lawsuit to enforce the liquidated damages. B.B. Pallets argues, in effect, that the importer can cause one court to lose exclusive jurisdiction and another court to obtain exclusive jurisdiction merely by paying an invoice. If a judicial forum is available to review the actions of the executive branch in assessing liquidated damages, then the selection of the forum should not depend upon the actions of the importer.

In addition to being arbitrary, B.B. Pallets' contention is also wrong. The error is based upon B.B. Pallets' continued failure to distinguish between the issue of liability for liquidated damages and the issue of

mitigation or cancellation. Distinguishing between the two issues is essential.

The hypothetical case presents the question of whether the Court of International Trade may determine whether an importer is liable to pay liquidated damages. It may. Def.'s Supp. Br. at 10-12. B.B. Pallets fails to address this fundamental point.

## II. *Trayco* Is Distinguishable Because The Importer Possessed A Unilateral Right To Obtain Judicial Review Of The Premise For Liquidated Damages

B.B. Pallets' second main argument is based upon Trayco. Pl. Supp. Br. at 6. We already distinguished Trayco from the matter at hand. See Def.'s Mot. to Diss. at 14-18 and Def.'s Rep. at 26-29. Rather than repeating our extensive discussion, we will merely note that that B.B. Pallets' sole avenue to attempt to obtain relief from the liquidated damages at issue would have been to file a timely summons to the Court of International Trade. B.B. Pallets indicates that it did "not want to sit back and wait for up to six years to be sued by the government ." Pl. Supp. Br. at 6. It did not have to do so. As we demonstrated, B.B. Pallets could have gone directly to the Court of International Trade and, had it prevailed, obtained relief. However, B.B. Pallets simply failed to pursue that avenue.

## III. The Hypothetical Case Would Be Justiciable In The Court Of International Trade

The thrust of B.B. Pallets' third main argument is that the hypothetical case is not justiciable. Pl. Supp. Br. at 7-9. Defendant has demonstrated that matters present a live controversy (that is, they are not moot) when a classification decision implicates a monetary consequence. See, e.g., Def.'s Supp. Br. at 10-12.

B.B. Pallets responds to our discussion of two cases: 3V, Inc. v. United States, 83 F. Supp. 2d 1351, 1353 (Ct. Int'l Trade 1999), and American Bayridge Corp. v. United States, 217 F.3d 857 (Fed. Cir. 1999). However, B.B. Pallets mischaracterizes these two cases.

First, B.B. Pallets states that 3V, Inc. "clearly 'implicate[d] [a] monetary consequence other than duty,' namely the imposition of penalties based on the same entries." Pl. Supp. Br. at 7. As a matter of fact, B.B. Pallets' statement is wrong.

It is not plain in 3V what 3V was attempting to accomplish though its suit. 3V elected not to admit or deny the governments "surmise" that 3V brought the lawsuit to aid it in an administrative penalty action. 3V, 83 F. Supp. 2d at 1353 n. 5. Thus, B.B. Pallets cannot rightly state that a penalty was "clearly" at issue in 3V.

If anything, 3V indicates that the entries at issue in that case and the entries subject to the administrative penalty were not the same. The court states: "The Supreme Court has held that in customs classification cases a determination of fact or law with respect to one importation is not res judicata as to another importation of the same merchandise by the same parties." (emphasis added.) Id. The Court of International Trade used the term "another importation" only because it was referring to an entry or entries different from those at issue before it in 3V.

Unlike the importer in 3V, B.B. Pallets could have "claimed harm" from how Customs classified the imports that actually would have been involved in the hypothetical case before the Court of International Trade. See Def.'s Supp. Br. at 6-10. B.B. Pallets' classification issue underlies the liquidated damages cases at issue. The issues of classification and of liability for liquidated damages are causally related. Thus, 3V does not demonstrate that the Court of International Trade would have dismissed for mootness.

The second case addressed by B.B. Pallets is American Bayridge Corp. v. United States, 217 F.3d 857 (Fed. Cir. 1999). (B.B. Pallets should

not rely upon an unpublished decision of the Federal Circuit. See Fed. Cir. R. 47.6.) B.B. Pallets states:

> The significance of Bayridge here is the Federal Circuit's holding (which may be cited for judicial estoppel purposes) that no 'case or controversy' existed with respect to the classification issue in that case because [the] importer was entitled to a return of its permit by application of Section 1625(c) of the Customs Modernization Act, 19 U.S.C. § 1625(c), i.e., regardless of whether the claimed or assessed classifications were correct under the Harmonized Tariff Schedule of the United States.

Pl. Supp. Br. at 8. B.B. Pallets' discussion of American Bayridge fails to recognize that the Court of International Trade exercised jurisdiction to entertain the lawsuit even though the competing classifications carried the same duty consequence, which was zero. American Bayridge Corp. v. United States, 35 F. Supp. 2d 922, 927 n.4 (Ct. Int'l Trade 1998), decision vacated in part and appeal dismissed, 217 F.3d 857 (Fed. Cir. 1999). A change in the amount of duty is not a prerequisite for the Court of International Trade to entertain a dispute about classification. The Federal Circuit did not rule that the Court of International Trade lacked jurisdiction because the duty rates were the same. See American Bayridge Corp. v. United States, 217 F.3d 857 (Fed. Cir. 1999). Thus, American Bayridge does not prevent the Court of International Trade from entertaining the hypothetical case.

## IV. The Court Of International Trade Could Enter A Declaratory Judgment

B.B. Pallets' fourth main argument is the Court of International Trade could not grant the declaratory relief that might be required in ordering relief from liquidated damages. Pl. Supp. Br. at 9-10. B.B. Pallets again fails to distinguish among different legal issues and concepts.

Specifically, B.B. Pallets focuses upon 28 U.S.C. § 1581(h), a statute granting the Court of International Trade jurisdiction to review a classification ruling before goods are imported if the party commencing the action can show irreparable harm if the review is not made prior to importation. However, the United States did not rely upon this subsection to establish the power of the Court of International Trade to enter a declaratory judgment. See Def. Supp. Br. at 4.

The source of the declaratory judgment authority for the Court of International Trade is 28 U.S.C. § 1585. In contrast, the statute that authorizes the Court of International Trade to entertain the hypothetical case is 28 U.S.C. § 1581(a) or (i). Whether pursuant to subsection (a) or subsection (i), B.B. Pallets could have proceeded to the Court of International Trade and obtained relief as discussed above and in our supplemental brief. Once the Court of International Trade possesses

jurisdiction to entertain the complaint, section 1585 authorizes the remedy of a declaratory judgment, if necessary.

## CONCLUSION

For the reasons stated in this brief and in our supplemental brief, the Court of International Trade could have entertained the hypothetical lawsuit we outlined. Because the Court of International Trade is authorized to grant B.B. Pallets the relief it is seeking in the Court of Federal Claims, this Court lacks jurisdiction to entertain the complaint. 28 U.S.C. § 1491(c). Thus, we respectfully request that the Court grant the our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
Albert Kundrat
Attorney
United States Customs and
Border Protection
6026 Lakeside Blvd.
Indianapolis, IN 46278

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

March 4, 2005

Attorneys for Defendant